# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ANTHONY BLAKE LOWREY, :
:
    Petitioner :
:
VS. :
:
Superintendent CLINTON PERRY, : NO. 5:11-CV-219 (MTT)
:
    Respondent :
_____ : **O R D E R**

Petitioner **ANTHONY BLAKE LOWREY**, presently confined at the McEver Probation Detention Center ("MPDC") in Perry, Georgia, has filed a *pro se* petition for writ of habeas corpus on this Court's 28 U.S.C. § 2254 form. Petitioner has paid a $5.00 filing fee.

The petition and submissions subsequently filed by Petitioner are voluminous and wide-ranging. Petitioner challenges the constitutionality of his 2007 Walton County, Georgia conviction for burglary and criminal trespass, for which Petitioner pled guilty. He also challenges the revocation of his probation by Walton County Superior Court Judge Wynne on January 4, 2011.

Petitioner additionally seeks a shortened period of confinement. According to Petitioner, he has not received proper jail-time credit towards service of his sentence.

Finally, Petitioner also asserts various claims as to the conditions of his confinement. With respect to his current confinement at the MPDC, Petitioner complains about the following: (1) his being required to perform physical labor (such as cutting grass and weeds), without any money going to pay his restitution, fines, and fees; (2) his being

subjected to daily strip searches; and (3) his receiving G.I. style haircuts. Petitioner also appears to complain about incidents occurring in 2007 during his confinement at the Walton County Jail (*e.g.*, harassment and a tasering).

As an initial matter, the Court notes that Petitioner cannot properly bring all of his claims in a single lawsuit. The challenges to his 2007 conviction and 2011 probation revocation are proper subjects for a habeas corpus petition under 28 U.S.C. § 2254. Petitioner's claims that he has not received proper credit for time served, on the other hand, should be brought in a habeas corpus petition under 28 U.S.C. § 2241. Finally, Petitioner may raise claims relating to the conditions of his confinement only in an action under 42 U.S.C. § 1983. **Muhammad v. Close**, 124 S. Ct. 1303 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a complaint under ... 42 U.S.C. § 1983."); **Preiser v. Rodriguez**, 411 U.S. 475, 489 (1973) (The habeas petition's sole purpose is to see "the remedy of immediate release or a shortened period of confinement."). Even if Petitioner had properly asserted his claims in three separate lawsuits, for the reasons stated below, each such case would be dismissed.

As to the habeas corpus claims, it is well-settled that exhaustion of state court remedies is required before a petitioner can proceed in federal court. **See Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under section 2241 as well as section 2254); **Thomas v. Crosby**, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241

is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a **state** habeas corpus action, O.C.G.A. § 9-14-1(a)].

**Mason v. Allen**, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); **see also O'Sullivan v. Boerckel**, 526 U.S. 838, 845 (1999).

With respect to Petitioner's challenges to his convictions under section 2254, he states that he filed a state habeas corpus petition on April 13, 2011. He thus will not have exhausted his state court remedies unless he receives an ultimate adverse result after pursuing these claims through the Georgia Supreme Court.

With respect to Petitioner's challenges to the computation of credit for time served under section 2241, exhaustion requires that Petitioner seek relief from the Georgia Department of Corrections ("GDOC") and then pursue a mandamus action in the applicable Georgia superior court against the GDOC Commissioner. **See Ellison v. Seabolt**, 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing **Anderson v. State**, 290 Ga. App. 890, 660

S.E.2d 876, 891 (Ga. Ct. App. Apr.9, 2008)).  **See also Williams v. State**, 300 Ga. App. 319 (2009); **Beasley v. State**, 255 Ga. App. 522 (2002).  Petitioner must also appeal any adverse decision of the superior court directly to the Georgia Supreme Court.  **See** O.C.G.A. § 5-6-35.

Finally, Petitioner cannot bring an action challenging the conditions of confinement under section 1983 without prepaying the entire $350.00 filing fee.  Petitioner has previously filed at least three civil actions or appeals that have been dismissed as frivolous, malicious, or for failing to state a claim upon relief can be granted.[1]  **See** 28 U.S.C. § 1915(g) (dictating that, after having three such dismissals, prisoners generally may not proceed unless they pay the entire filing fee).

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2]  Petitioner may bring federal habeas actions after he has exhausted his state court remedies.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District

---

[1] **Lowrey v. Barrow County**, No. 09-11777-C (11th Cir. May 29, 2009) (appeal); **Lowrey v. Barrow County**, 2:08-CV-257-RWS (N.D. Ga. Mar. 2, 2009) (complaint); and **Lowrey v. Elliott**, 3:07-CV-113 (CDL) (M.D. Ga. Jan. 6, 2009) (complaint).

[2] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition. **See McFarland v. Scott**, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.

Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." **See Slack v. McDaniel**, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of appealability.

**SO ORDERED**, this 29th day of June, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr