IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY BLAKE LOWREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:11-CV-219 (MTT) |
| ) | |
| CLINTON PERRY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER**

This matter is before the Court on Petitioner Anthony Blake Lowrey's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1), (5), and (6) and his supplemental Rule 60(b) motion. (Docs. 30; 32). On June 29, 2011, this Court dismissed the Petitioner's 28 U.S.C. § 2254 application for writ of habeas corpus because: (1) the Petitioner failed to exhaust his state court remedies with respect to the challenges to his 2007 conviction and 2011 probation revocation; (2) some of the Petitioner's claims should have been brought in a habeas corpus petition pursuant to 28 U.S.C. § 2241, which also requires the Petitioner to exhaust certain state remedies; and (3) the challenges to his conditions of confinement should have been brought pursuant to 42 U.S.C. § 1983, and the Petitioner would be required to prepay the entire filing fee because he previously filed at least three civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. (Doc. 16). In his motion, the Petitioner appears to contest only the Court's dismissal of his challenges to his 2007 conviction and 2011 probation revocation for failure to exhaust state court remedies.

He contends the Court erred by dismissing on these grounds based on his filing a state habeas corpus petition on April 13, 2011 because that petition was clearly untimely to challenge his 2007 conviction, and thus, the state habeas court never had jurisdiction to consider it.

Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from a final order or judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; … (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." If the Petitioner's motion is in effect a second or successive petition, the Court lacks jurisdiction to consider it.[1] A Rule 60(b) motion challenging the dismissal of a § 2254 petition is considered a second or successive habeas petition if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). However, the instant motion is not a second or successive petition because it does not add a new ground for relief and it challenges the Court's procedural dismissal. *See id.* at 532 n.4.

Though the Court has jurisdiction to consider the Petitioner's motion, it is untimely. Motions pursuant to Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The order was entered on June 29, 2011, and the Petitioner's motion was not

---

[1] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

filed until nearly four years later on March 6, 2015, making it an untimely challenge pursuant to Rule 60(b)(1).

Motions pursuant to Rule 60(b)(5) and (6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). In order to determine whether a motion has been made within a reasonable time, the court "must consider the circumstances of each case to determine whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (internal quotation marks and citation omitted). The Petitioner contends the Court should have realized the state habeas court lacked jurisdiction over his state petition because it was untimely, and thus, the Court's dismissal for failure to exhaust state court remedies was erroneous. Even assuming the Petitioner is correct, this information would have been available to him in 2011. He provides no reason for his nearly four-year delay in moving for relief from the Court's order. Therefore, the Court finds that the Petitioner's delay in filing his motion is unreasonable and that his motion is untimely.

Even if the motion were timely, it would still fail. The Petitioner erroneously cites O.C.G.A. § 9-11-60, contending his state habeas petition was subject to a three-year statute of limitations. O.C.G.A. § 9-14-42(c) provides the statute of limitations for state habeas corpus petitions in Georgia, which is one year for challenging misdemeanor convictions and four years for challenging felony convictions. The statute usually begins to run from "[t]he judgment of conviction becoming final by the conclusion of direct review or the expiration of the time for seeking such review" unless some other triggering event in the statute is applicable. O.C.G.A. 9-14-42(c)(1). The Petitioner pled

guilty to burglary and criminal trespass on December 10, 2007. (Doc. 1 at 1). Burglary is a felony under Georgia law, so the Petitioner would have had four years to challenge his conviction via state habeas corpus petition. O.C.G.A. § 16-7-1 (amended 2012).[2] Even using the date the Petitioner pled guilty as the operative triggering date for the statute of limitations as the Petitioner does in his motion,[3] the Petitioner's April 13, 2011 state habeas petition would have been timely because it was filed less than four years after his December 10, 2007 conviction.

      The Petitioner filed a supplemental Rule 60(b) motion on March 23, 2015. (Doc. 32). In this supplemental motion, he reiterates that the state habeas court did not have jurisdiction over his April 13, 2011 petition but still does not explain why he waited so long to file his motion. Therefore, he has still not shown he is entitled to Rule 60(b) relief.

      For the foregoing reasons, the Petitioner's motion for relief from judgment (Doc. 30) and supplemental motion (Doc. 32) are **DENIED**. In the Eleventh Circuit, "a certificate of appealability ["COA"] is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (internal quotation marks and citation omitted). If the denial of the Rule 60(b) motion is based on a procedural ground and does not reach the merits of any constitutional claim, a petitioner will be granted a COA "only if [he] makes *both* a substantial showing that he

---

[2] The burglary statute was amended in 2012, so the Petitioner would have been convicted under the former statute. The former statute did not specify burglary is a felony but provided that the minimum punishment was imprisonment for one year. Pursuant to O.C.G.A. § 16-1-3(5), a felony is defined as "a crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months."

[3] As noted above, the triggering date would have actually been after the conclusion of direct review or the time for seeking direct review expired.

had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Id.* at 1295 (internal quotation marks and citation omitted). The Petitioner must show that "it is debatable among reasonable jurists both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id.* (internal quotation marks and citation omitted). The Court concludes reasonable jurists would not find it debatable that the Petitioner's Rule 60(b) motion is untimely and that even if it were timely, he would not be entitled to Rule 60(b) relief. Because it is not reasonably debatable that the Petitioner is not entitled to Rule 60(b) relief, the Court need not reach the constitutional issue. *See id.* Therefore, a COA is **DENIED**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

      **SO ORDERED,** this 24th day of March, 2015.

                                                        S/ Marc T. Treadwell
                                                        MARC T. TREADWELL
                                                        UNITED STATES DISTRICT COURT